

**FILED**

DEC 1 6 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 00-07-BU-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRISTOPHER E. MCNEIL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Charles E. McNeil, filed a motion requesting (1) that the

Court hold a hearing on his request to transfer these proceedings to the District of

Nevada and (2) that property of his be declared exempt from garnishment under 18

U.S.C. § 3613. (Dkt # 77).

The United States filed a writ of garnishment on July 27, 2011. (Dkt # 70).

The writ was issued and notice was sent to Mr. McNeil on August 4, 2011. (Dkt #

1

71, 72). The process receipt and return was returned unexecuted on August 22, 2011. (Dkt # 76). The comments to the receipt and return, though, noted that Mr. McNeil is currently incarcerated in Indian Springs, Nevada. (Dkt # 76). Mr. McNeil was later served on November 25, 2011.

A hearing on this matter is not necessary because Mr. McNeil's proceedings qualify for transfer. If a defendant requests to transfer garnishment proceedings within 20 days after receiving notice, then the proceedings "shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). Mr. McNeil filed his request within 20 days after receiving notice from the United States. Since he resides in Nevada, the Court must transfer these proceedings to the District of Nevada. 28 U.S.C. § 3004(b)(2).

In light of the transfer, the Court need not examine whether Mr. McNeil has a valid claim for exemption. The District of Nevada will address that claim.

Accordingly, IT IS ORDERED that Christopher McNeil's motion (dkt # 77) is DENIED. A hearing on this matter is not necessary, and Mr. McNeil must pursue his claim for exemption in the District of Nevada.

IT IS FURTHER ORDERED that these garnishment proceedings are transferred to the District of Nevada.

IT IS FURTHER ORDERED that the State of New Hampshire, Unclaimed

Property Division, is ordered to continue to hold the property at issue pending further court order.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail a copy of this order to:

Christopher McNeil
# 1063517 High Desert
P.O. Box 650
Indian Springs, Nevada 89070

Dated this _16_ day of December 2011

Donald W. Molloy, District Judge
United States District Court

3