1

2                        **UNITED STATES DISTRICT COURT**

3                              **DISTRICT OF NEVADA**

4                                      * * *

CHRISTOPHER MCNEIL,                    )
5                                      )
                    Plaintiff,         )
6                                      )      2:11-cv-02076-JCM -VCF
v.                                     )
7                                      )      **O R D E R**
UNITED STATES OF AMERICA,              )
8                                      )
                    Defendant.         )
9    _____ )

10          Before the court is *McNeil v. United States of America* (Case No. 2:11-cv-02076-JCM -VCF),

11   which was recently transferred to this District from the District of Montana[1].

12   **Background**

13          Plaintiff McNeil was convicted of transporting stolen firearms and committing fraud with

14   identification documents in the United States District Court for the District of Montana, and was

15   sentenced on December 7, 2000. (#33).  The court ordered plaintiff McNeil to pay restitution in the

16   amount of $3,013.72 and a fine of $10,000.00.  *Id.*  Plaintiff McNeil filed a notice of appeal on

17   December 12, 2000. (#36). On November 7, 2001, the Court of Appeals entered its judgment affirming

18   the decision of the district court. (#46). On January 15, 2002, the government filed a motion for writ

19   of garnishment.  (#47).

20          On April 16, 2002, plaintiff McNeil filed a motion for a hearing regarding garnishment (#56)

21   and requested a claim for exemption form (#57).  The court ordered the government to send plaintiff

22   McNeil a claim exemption form, and ordered plaintiff McNeil to "file the form with the Court

23   specifically indicating the reason or reasons he believes the property is exempt from garnishment."

24   (#59).  Plaintiff McNeil filed a motion for exemption from garnishment on November 25, 2002 (#65),

25   _____

26          [1] When the action was transferred to this District, the docket sheet was renumbered to reflect a continuation of
     numbering from the original docket sheet.

1   and the court ordered the government to respond within five days (#66).  The government filed its

2   response (#67), and the court denied plaintiff's motion for exemption from garnishment based on the

3   filings (#68).  The court ordered the government to "lodge with the Clerk a proposed Final Order in

4   Garnishment." (#68).  On April 15, 2003, the government filed a proposed final order in garnishment,

5   and the court ordered plaintiff McNeil to pay to the government the full balance in the mutual funds

6   accounts owned by McNeil.  (#69).

7        On July 27, 2011, the government filed a motion for writ of garnishment.  (#70).  The

8   government asserted that the total balance due by plaintiff McNeil as of July 27, 2011, was $16,453.12,

9   plus accruing costs and interests.  *Id.*  The government demanded payment within 30 days, and stated

10  that garnishee, the State of New Hampshire, Unclaimed Property Dvision, is "believed to owe or will

11  owe money or property to [McNeil], or is in possession of property of [McNeil's], and the property is

12  a nonexempt interest of [McNeil's]." *Id.*  The court signed a writ of continuing garnishment directing

13  the State of New Hampshire, Unclaimed Property Division, to answer whether or not it had in its

14  custody, control, or possession, any property owned by plaintiff McNeil.  (#71).

15       The clerk filed a notice to plaintiff McNeil on August 4, 2011, explaining to McNeil that he had

16  the right to ask the court to return his property and to request a hearing.  (#72).  The notice also stated

17  that plaintiff McNeil could request that the proceedings be transferred to the district where he lives if

18  it is outside the federal judicial district in which the court is located.  *Id.*  The clerk provided plaintiff

19  McNeil with a request for hearing form.  *Id.*  On August 22, 2011, Brian Regan, Director of the

20  Abandoned Property Division for the State of New Hampshire, filed an answer of the garnishee.  (#75).

21  In the answer, Mr. Regan stated that plaintiff McNeil is the reported owner of (1) underlying shares or

22  other outstanding certificates in the amount of $190.95, and (2) funds held in a fiduciary capacity in the

23  amount of $66.95.  *Id.*

24       On December 12, 2011, plaintiff McNeil filed a motion for a hearing (#77), asserting that he

25  does "not owe the money to the United States as it says [he] do[es]- incorrect amount," and that "the

26

1    property that the United States is taking is exempt" under 18 U.S.C. § 3613(a).  Plaintiff McNeil claims

2    that the property is exempt because of "Undelivered mail- Mail, addressed to any person, which has not

3    been delivered to the addressee."  (#77).  In a letter attached to the request for a hearing, plaintiff

4    McNeil asked for the proceedings to be transferred to the District of Nevada.  (#78).  The government

5    filed a response to plaintiff McNeil's motion for a hearing (#79) and a declaration of the amount due

6    (#80).  According to the declaration, interest on the restitution and the fine amount is accruing at a rate

7    of 5.73% pursuant to 18 U.S.C. § 3612(f).  (#80).  As of December 16, 2011, the total amount received

8    on the debt was $3,508.94 based on prior garnishment and payments.  *Id.*

9        On December 16, 2011, the court denied the motion for a hearing because the proceedings

10   qualified for transfer.  (#85).  The court ordered the proceedings transferred to this District, and ordered

11   the State of New Hampshire, Unclaimed Property Division, to continue to hold the property at issue

12   pending further court order.  *Id.*   The action was transferred to this District as Case No.

13   2:11-cv-02076-JCM -VCF, and plaintiff McNeil's motion for hearing became ripe on this court's docket

14   on December 16, 2011 (#86).

15   **Motion For Hearing**

16       The present motion for a hearing before this court (#86) is identical to the plaintiff's motion in

17   the District of Montana (#77), and asserts that plaintiff does not owe the money because the amount is

18   incorrect and because the property is exempt due to undelivered mail.

19       Pursuant to 28 U.S.C. § 3205(c)(5), within twenty days "after receipt of the [garnishee's] answer,

20   the judgment debtor or the United States may file a written objection to the answer and request a

21   hearing."  The objecting party "shall state the grounds for the objection and bear the burden of proving

22   such grounds." 28 U.S.C. § 3205(c)(5).  The court shall hold a hearing within ten days after the  request

23   is received, or "as soon thereafter as is practicable, and give notice of the hearing date to all parties.."

24   *Id.*

25       Under 18 U.S.C. § 3613(a)(1), "...a judgment imposing a fine may be enforced against all

26                                                      3

1   property or rights to property of the person fined, except that – property exempt from levy for taxes

2   pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code

3   of 1986 shall be exempt from enforcement of the judgment under Federal Law." Section 6334(a)(5)

4   of the Internal Revenue Code provides an exemption for "Undelivered mail," where "mail, addressed

5   to any person,...has not been delivered to the addressee."

6          Here, the garnishee, the Abandoned Property Division for the State of New Hampshire, filed its

7   answer on August 22, 2011. (#75). According to the docket from the District of Montana, it appears

8   that plaintiff McNeil did not receive a copy of the answer immediately because he had been transferred

9   to this District. (#76 Return Un-executed Garnishment). In plaintiff McNeil's letter to the court which

10   was attached to his motion to request a hearing, plaintiff states that he received the garnishee's answer

11   on November 25, 2011. (#78). Therefore, his objection and motion for a hearing dated November 30,

12   2011, and received by the court on December 12, 2011, are timely. *See* 28 U.S.C. §3205(c)(5).

13          Since plaintiff McNeil is the party that requested the hearing and objected, under § 3205(c)(5),

14   plaintiff McNeil has the burden of proving the grounds for his objections: he must demonstrate how the

15   amount owed is incorrect and how the property is exempt due to undelivered mail. 28 U.S.C. §

16   3205(c)(5);18 U.S.C. § 3613(a)(1).

17          Plaintiff McNeil is hereby ordered to file with the court a statement, under penalty of perjury,

18   explaining the grounds for his objections within forty-five days from the entry of this order. The

19   government shall file with the court a response thereto within thirty days from receipt of plaintiff

20   McNeil's statement. Upon review of plaintiff McNeil's statement and the government's response, the

21   court will either rule on McNeil's motion based on these filings or set a hearing for further argument.

22   *See* Local Rule 78-2 ("All motions may, in the Court's discretion, be considered and decided with or

23   without a hearing.").

24          Accordingly, and for good cause shown,

25          IT IS ORDERED that Plaintiff McNeil shall file a statement, under penalty of perjury,

26                                                   4

1   explaining the grounds for his objections within forty-five days from the entry of this order.

2          IT IS FURTHER ORDERED that the government shall file a response thereto within thirty days

3   from receipt of plaintiff McNeil's statement.

4          DATED this 9th day of February, 2012.

5

6   _____

7   **CAM FERENBACH**
    **UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                         5