# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

CHRISTOPHER MCNEIL,

         Plaintiff,

v.

UNITED STATES OF AMERICA,

         Defendant.

2:11-cv-02076-JCM -VCF

**O R D E R**

Before the court are plaintiff Christopher McNeil's Motion For Hearing Regarding Garnishment (#86), Statement of Objections (#91), and Motion For Waiver of Interest (#92)[1]. The government filed a Response to plaintiff's Motion for Waiver of Interest and Statement of Objections. (#93).

**Background**

Plaintiff McNeil was convicted of transporting stolen firearms and committing fraud with identification documents in the United States District Court for the District of Montana, and was sentenced on December 7, 2000. (#33). The court ordered plaintiff McNeil to pay restitution in the amount of $3,014.00 and a fine of $10,000.00. (#92 Exhibit A). Plaintiff McNeil filed a notice of appeal on December 12, 2000. (#36). On November 7, 2001, the Court of Appeals entered its judgment affirming the decision of the district court. (#46). On January 15, 2002, the government filed a motion for writ of garnishment. (#47).

On April 16, 2002, plaintiff McNeil filed a motion for a hearing regarding garnishment (#56) and requested a claim for exemption form (#57). After ordering the parties to brief the issue, the court denied plaintiff's motion for exemption from garnishment based on the filings (#68). The court ordered the government to "lodge with the Clerk a proposed Final Order in Garnishment." (#68). On April 15,

---

[1] When the action was transferred to this District, the docket sheet was renumbered to reflect a continuation of numbering from the original docket sheet.

2003, the government filed a proposed final order in garnishment, and the court ordered plaintiff McNeil to pay to the government the full balance in the mutual funds accounts owned by McNeil. (#69).

On July 27, 2011, the government filed a motion for writ of garnishment. (#70). The government asserted that the total balance due by plaintiff McNeil as of July 27, 2011, was $16,453.12, plus accruing costs and interests. *Id.* The government demanded payment within 30 days, and stated that garnishee, the State of New Hampshire, Unclaimed Property Dvision, is "believed to owe or will owe money or property to [McNeil], or is in possession of property of [McNeil's], and the property is a nonexempt interest of [McNeil's]." *Id.* The court signed a writ of continuing garnishment directing the State of New Hampshire, Unclaimed Property Division, to answer whether or not it had in its custody, control, or possession, any property owned by plaintiff McNeil. (#71).

On August 22, 2011, Brian Regan, Director of the Abandoned Property Division for the State of New Hampshire, filed an answer of the garnishee. (#75). In the answer, Mr. Regan stated that plaintiff McNeil is the reported owner of (1) underlying shares or other outstanding certificates in the amount of $190.95, and (2) funds held in a fiduciary capacity in the amount of $66.95. *Id.*

On December 12, 2011, plaintiff McNeil filed a motion for a hearing (#77). In a letter attached to the request for a hearing, plaintiff McNeil asked for the proceedings to be transferred to the District of Nevada. (#78). The government filed a response to plaintiff McNeil's motion for a hearing (#79) and a declaration of the amount due (#80). According to the declaration, interest on the restitution and the fine amount is accruing at a rate of 5.73% pursuant to 18 U.S.C. § 3612(f). (#80). As of December 16, 2011, the total amount received on the debt was $3,508.94 based on prior garnishment and payments. *Id.*

On December 16, 2011, the court denied the motion for a hearing because the proceedings qualified for transfer. (#85). The court ordered the proceedings transferred to this District, and ordered the State of New Hampshire, Unclaimed Property Division, to continue to hold the property at issue pending further court order. *Id.* The action was transferred to this District as Case No.

2

2:11-cv-02076-JCM-VCF, and plaintiff McNeil's motion for hearing became ripe on this court's docket on December 16, 2011 (#86).

On February 9, 2012, the court issued an order directing plaintiff McNeil to "file with the court a statement, under penalty of perjury, explaining the grounds for his objections within forty-five days from the entry of this order," and ordering the government to file a response thereto within thirty days from receipt of plaintiff McNeil's statement. (#89). The court stated that "[u]pon review of plaintiff McNeil's statement and the government's response, the court will either rule on McNeil's motion based on these filings or set a hearing for further argument." *Id; See* Local Rule 78-2 ("All motions may, in the Court's discretion, be considered and decided with or without a hearing."). On March 22, 2012, plaintiff McNeil filed a statement of objections (#91) and a motion for waiver of interest (#92)[2].

**Statement of Objections (#91) and Motion For Waiver of Interest (#92)**

Pursuant to 28 U.S.C. § 3205(c)(5), within twenty days "after receipt of the [garnishee's] answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing." The objecting party "shall state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. § 3205(c)(5). In plaintiff McNeil's statement of objections (#91) and motion for waiver of interest (#92), plaintiff asserts that "the amount claimed owed to the United States is an incorrect amount," that the property the United States is taking is exempt, and that plaintiff is not required to and is unable to pay interest on the amounts owed.

### A.   Incorrect Amount

Plaintiff asserts that he paid a $100.00 assessment in Case No. 01-63-GF-SEH (hereinafter "2001 case") prior to the reversal of the case by the 9th Circuit Court of Appeals, United States v. McNeil," but that the assessment has "neither been returned [n]or applied to the existing principle allegedly owed to the United States" for the case before this court. (#92). Plaintiff argues that since

---

[2] Plaintiff filed one document titled "Statement of Objections and Request For Waiver of Interest," which was entered on the docket as two separate documents (#91 and #92).

3

1  "the United States holds the $100.00 and fails to return or apply it to [p]laintiff's amount due," the
2  alleged amount owed by the plaintiff to the United States is incorrect. *Id.*

3  In the government's response, it asserts that the amount requested in the writ of garnishment is
4  valid. (#93). On December 7, 2000, judgment was entered against plaintiff, whereby the plaintiff was
5  ordered to pay an assessment of $200.00, restitution in the amount of $3,014.00, and a fine of
6  $10,000.00. *Id.* As plaintiff appealed the judgment (#36), but was unsuccessful, the judgment is final
7  and enforceable. *Id.* With regard to the $100.00 assessment paid by plaintiff in the 2001 case, the
8  government asserts that the Clerk of Court for the District of Montana transferred the $100.00 and
9  applied it to the fine in this case, 00-07-BU-DWM, on March 27, 2012. *Id.* The government asserts
10 that the balances remaining due are as follows: $384.08 in restitution interest, $9,900.00 in fine
11 principal, and $6,453.29 in fine interest for a total due as of March 28, 2012, of $16,737.37. *Id.* The
12 government states that these "balances have been verified with Clerk of Court." *Id.*

13 Since the Clerk of Court has transferred the $100.00 assessment fee from the 2001 case and
14 applied it to the amount due in this case, and since the Clerk of Court has verified the amounts due
15 based on the payments thus far, the court finds that the amount requested in the writ of garnishment is
16 correct. *See* 28 U.S.C. § 3205(c)(5)(stating that the objecting party "shall state the grounds for the
17 objection and bear the burden of proving such grounds.")

18 **B.    Undelivered Mail**

19 On July 27, 2011, the government filed a motion for writ of garnishment. (#70). On August 22,
20 2011, the garnishee, the Abandoned Property Division for the State of New Hampshire, filed its answer.
21 (#75). According to the docket from the District of Montana, it appears that plaintiff McNeil did not
22 receive a copy of the answer immediately because he had been transferred to this District. (#76 Return
23 Un-Executed Garnishment).  In the plaintiff's statement of objections, he asserts that "the outstanding
24 certificates were obtained through an unwarrented (sic) search and confiscation of "undelivered mail"
25 which was intercepted and held by law enforcement of the State of New Hampshire." (#91).

26

4

1    The government asserts that plaintiff's claim of exemption for "undelivered mail" is improper.
2 (#93). Under 18 U.S.C. § 3613(a)(1), "...a judgment imposing a fine may be enforced against all
3 property or rights to property of the person fined, except that – property exempt from levy for taxes
4 pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code
5 of 1986 shall be exempt from enforcement of the judgment under Federal Law." Section 6334(a)(5)
6 of the Internal Revenue Code provides an exemption for "Undelivered mail," where "mail, addressed
7 to any person,...has not been delivered to the addressee." 26 U.S.C. § 6334(a)(5).

8    For the exemption under 26 U.S.C. § 6334(a)(5) to apply, the <u>subject</u> of the garnishment must
9 be in the form of undelivered mail, i.e. funds contained in a letter that was never delivered to the party
10 against whom the judgment is sought. The property that is the subject of this garnishment is unclaimed
11 funds held by the State of New Hampshire. (#75). The only "undelivered mail" in this case was the
12 Abandoned Property Division for the State of New Hampshire's answer (#75) that was not immediately
13 received by plaintiff due to him being transferred to this District. (#76 and #91). Plaintiff has not
14 provided the court with any evidence that the <u>unclaimed funds at issue</u> were contained in "undelivered
15 mail," and only asserts that the certificates were confiscated by the police during a search. (#75 and
16 #91). Thus, as plaintiff has not met his burden of proof, the exemption does not apply. *See* 18 U.S.C.
17 § 3613(a)(1); 26 U.S.C. §6334(a)(5); 28 U.S.C. § 3205(c)(5).

18    **C.    Waiver of Interest**

19    In plaintiff's motion for waiver of interest, he asserts that he is not required to pay interest, as
20 the requirement to pay interest was not checked off on the judgment (#92 Exhibit A). Plaintiff also
21 asserts that he does not have the ability to pay the interest now accruing. (#92). In support of this
22 assertion, plaintiff states that in the 2001 case the court found that plaintiff did not have the ability to
23 pay a fine and thus waived the fine due to his inability to pay. (#92 Exhibit C). Plaintiff argues that he
24 has been incarcerated since March 15, 2000, and that "[t]he continued and compounding application
25 [of] interest in this matter would only serve to place such a burden upon [p]laintiff that the only means

1  by which he may ever be able to pay would be to commit further crimes." (#92). Plaintiff asks this
2  court to waive all interest in this matter. *Id.*

3        Pursuant to 18 U.S.C. § 3612(f)(1), a defendant shall pay interest on any fine or restitution of
4  more than $2,500. Plaintiff McNeil was ordered to pay $3,014.00 in restitution and a fine of
5  $10,000.00. (#93). The interest accruing is statutory, and the court need not specifically order a
6  defendant to pay interest. 18 U.S.C. § 3612(f)(1). Interest is accruing on plaintiff McNeil's fine and
7  restitution at a rate of 5.73%. (#93);18 U.S.C. § 3612(f)(1) and (2). Plaintiff's argument that he should
8  not be required to pay interest because such interest was never ordered is without merit. *Id.*

9        18 U.S.C. § 3612(f)(3)(A) provides that a court may waive the requirement of interest if the
10 court "determines that the defendant does not have the ability to pay interest." In the government's
11 response, it asserts that it "concurs that the fine interest should be waived based on defendant's inability
12 to pay because he has been continually incarcerated since sentencing in this case." (#93). The
13 government also asserts that it "leaves the issue of interest waiver on the restitution to the [c]ourt's
14 discretion," because the restitution in this case is due to private individuals and the government cannot
15 speak on their behalf. *Id.*

16       As plaintiff McNeil has been incarcerated since 2000 and will not be released until May 2024,
17 the court finds that plaintiff does not have the ability to pay interest. The court hereby waives the
18 requirement of interest on both the fine and restitution owed. 18 U.S.C. § 3612(f)(3)(A).

19 **Motion For Hearing (#86)**

20       Plaintiff McNeil requests a hearing based on his assertions that he does "not owe the money to
21 the United States as it says [he] do[es] -incorrect amt.," and that the "property that the United States is
22 taking is exempt." (#86). As the court has determined that the amount the United States is seeking is
23 correct and that the exemption claimed by plaintiff is not applicable, a hearing is not needed in this
24 matter. *See* 18 U.S.C. § 3613(a)(1); 26 U.S.C. §6334(a)(5); Local Rule 78-2 ("All motions may, in the
25 Court's discretion, be considered and decided with or without a hearing.").

26

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Christopher McNeil's Motion For Hearing Regarding Garnishment (#86) is DENIED.

IT IS FURTHER ORDERED that plaintiff McNeil's Motion For Waiver of Interest (#92) is GRANTED. The court hereby waives the interest on both the fine and restitution amounts.

IT IS FURTHER ORDERED that plaintiff McNeil's claim of exemption from garnishment is DENIED.

IT IS THEREFORE ORDERED that the United States shall lodge with the Clerk a proposed Final Order In Garnishment within 14 days from the entry of this order.

DATED this 19th day of April, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**